E. L. Twing et al. v. Wm. H. Rhodes et al.

No. 5247.   Decided April 24, 1929.
(16 S. W., 2d Series, 258.)

*W. M. Harris* and *Lightfoot, Robertson & Scurlock,* for appellant.

Under our Constitution, Article 3, Section 52, there can be no question that the Legislature of Texas had the power to have created this road district in the first instance, or to have written this law avoiding any question of its validity, and it has had that power at all times since.   The rule is firmly established that what the Legislature could have authorized, it can ratify, if it can authorize at the time of ratification.   Act of October 18, 1926, Laws, 39th Leg., 1st Called Sess., ch. 17; Act of March 8, 1927, Laws 40th Leg., ch. 121; Charlotte Harbor & N. R. Co. v. Wells, 260 U. S., 11; Tom Green County v. Moody, 116 Texas, 299; Anderson County Road Dist. v. Pollard, 116 Texas, 547; Louisiana Ry. & Nav. Co. v. State, 298 S. W., 462, 7 S. W., 2nd Series, 71.

In Sections 4 and 5, certain bonds of the same series of bonds were expressly validated, and in Section 6, it is stated that no other bonds are recognized as binding legal or moral obligations of the district.

As to this last feature, the Legislature could not adjudicate these other bonds to be not legally binding on the district nor could any

court do so, without giving the holders of the bonds notice and opportunity to be heard.

In expressly validating certain of these bonds, the Legislature was compelled to and did validate the same proceedings taken for the issuance of all of this series of bonds. If these proceedings were and are validated as to some of the same series of bonds, they were of necessity validated as to all. If the district had other defenses against these other bonds which it could assert against the holders and which would have existed if the laws under which the district was created and issued these bonds had been held valid, such defenses would still be available, but no others.

If these laws under which the district was acting were valid laws, then all that was done was valid, with the possible exception of the manner in which the district and its officers and agents handled these bonds, and this would not be an available defense against these innocent purchasers of the bonds. Road District No. 4 v. Home Bank & Trust Co., 5 Fed. (2d) 625.

None of these proceedings would be invalid except on the grounds that the laws under which the proceedings were had were invalid. It is that invalidity that the Legislature intended to and did cure and validate.

*J. M. Sanders, E. H. Carter* and *Todd & Pipkin*, for appellees.

The Articles of the Statute 637 to 641, were and are unconstitutional, and were so held by the Supreme Court of the United States in Browning v. Hooper. U. S. Constitution, 14th Amendment, Section 1; Texas Constitution, Article 1, Paragraph 19; Browning v. Hooper, 269 U. S., 396, 70 L. Ed., 330; Oregon Short Line v. Clark County District, 17 Fed. (2d) 125; Conner v. Board of Commissioners, 12 Fed. (2d) 789; State v. Ball, 296 S. W., 1085; Scaling v. Williams, 284 S. W., 312; State v. Simms, 300 S. W., 247; San Saba Water Control and Improvement District No. 1 v. Sutton, 8 S. W., 319; Tom Green County v. Moody, 289 S. W., 381.

The bonds reciting upon their face that they were issued under an unconstitutional statute, no one could have been innocent of such defect.

There being no law under which the bonds could have been issued, and legislative authority being required for the issuance of municipal securities in this state, the want of a law necessarily goes to the power to issue.

412

This brings us to the question of whether or not the Legislature of Texas was required to validate the defendants' bonds. We admit that if the bonds had been valid, the Legislature could not have taken away the property rights of the defendants, but, being void, we are unable to find any constitutional provision taking away the discretion of the Legislature in determining what bonds shall be validated. Manifestly, the Legislature did right in the exercise of its discretion when it adopted the rule that the municipalities of Texas should not take advantage of any technical objection to defeat their bonds when they obtained the benefits, and were morally liable to pay the obligations, and when they did not receive benefits, they should not be compelled to pay it.

As to the power of the Legislature to so exercise its discretion, we believe that this question was fully answered by the decision in the case of Byrd v. City of Dallas, 6 S. W. (2d) 740.

As shown by the general act copied on Page 145 of appellants' brief, it was provided that only such bonds should be validated when "said bonds were sold and delivered, and the proceeds received by the county treasury for the credit of such road district." From the foregoing it is apparent that these bonds never having been sold or even advertised for sale, nor sold for cash or par, and the money not having been paid into the treasury of the county for the credit of the district, that the general act could not have affected these bonds.

It is true that by the Special Act shown on Page 147, that Road District No. 4 was for the first time incorporated when the legislature provided, "and such District is hereby made a body corporate and taxing district under the constitution and laws of the State of Texas." We are not denying that said district, as it now exists, was created by said act, and that the bonds specified were validated. It is undisputed that these bonds were not mentioned in the act, and that these bonds come within Section 6 of the Act. Section VI of the Special Act also provided as follows: "It is also provided that with the exception of the above described bonds no other bonds of said District No. 4 are recognized as binding legal or moral obligations against said district and nothing herein shall be effective to validate or ratify any other bonds than those specifically mentioned herein." It is, therefore, apparent that the Legislature did not validate the bonds, and that it left nothing to inference in that it specifically mentioned these bonds, and provided that they should not be validated.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Ninth District has certified various questions, only one of which requires an answer. An answer to some of the questions submitted is rendered unnecessary by the answer made to that one question; others involve a consideration of matters of fact of which we are not sufficiently advised by the certificate. The facts shown in the certificate, which have a bearing on the question to be answered, are substantially as follows:

The appellees, as residents and tax-payers in what is known as Road District No. 4 of Shelby County, sue various holders of bonds purporting to have been issued by said road district in the year 1919, in pursuance of the provisions of Articles 627 and succeeding Articles of the Revised Civil Statutes of 1911. The members of the Commissioners' Court of said county, and the tax collector and tax assessor of the county are also made parties defendant. The plaintiffs seek to have all said bonds cancelled and declared void, and to enjoin the levy, assessment, and collection of taxes for the payment of said bonds. It is claimed that all the bonds are void for lack of power in the district to issue them, in that said district had no such legal existence, at the time the bonds were issued, as to give it legal authority to issue the bonds and levy taxes to pay same.

The district was formed in the year 1919 in pursuance of the provisions of the statutes above mentioned; and an election was held to determine whether or not said bonds should be issued and sufficient taxes levied to pay same. At the election more than two-thirds of the voters therein voted in favor of the issuance of the bonds and the levy of the tax. All the proceedings relating to the establishment of the district, the election, the issuance of the bonds, and the tax levy, conformed to the statutes mentioned above. The road district was composed of a portion of said county, and had not been created or defined by the legislature for any purpose. None of the plaintiffs signed the petition for the election, and none was given an opportunity to be heard respecting the inclusion of his lands within the boundaries of the district.

In the same year, after the Commissioners' Court had passed an order directing the issuance of the bonds, the bonds were duly prepared and signed; and, under order of said court, were delivered to one E. L. Twing, who paid nothing for them. They were subsequently sold by Twing to the various holders who are parties de-

fendant herein. No part of the proceeds of the sales has ever been received by the county treasurer for the credit of the road district. All such proceeds were appropriated by Twing to his own use. The various bond holders, who are parties defendant herein, claim to be holders in due course.

One of the questions certified reads as follows:

"What was the legal effect, as to the validation of this road district and of these bonds, of Chapter 17 of the General Laws of the First Called Session of the Thirty-Ninth Legislature of Texas, approved October 18, 1926?"

Among the purposes of the legislature in passing sections one and two of the Act mentioned in the certified question, was the purpose to ratify the formation of all road districts which had theretofore been formed in pursuance of the provisions of Article 627 and succeeding sections of the Revised Statutes of 1911, and amendments thereto; and thus invest such districts, from the time of their formation, with all the power and authority they would have had if they had been created and defined by law, as bodies corporate, in the first instance. This purpose was accomplished by the passage of said two sections of the Act.

At the time these districts were originally formed, any "defined district" in a county had authority under said pre-existing statutes to issue bonds and levy taxes as prescribed in those statutes. In order, however, for this authority to be effectually exercised, it was necessary that such district be created by the legislature or under properly delegated legislative authority. Browning v. Hooper, 269 U. S., 396. Since the legislature was authorized to create and define the districts in the first instance, (State Constitution, Art. 3, Sec. 52), its ratification of the formation of the districts which had been formed previous to the passage of the Act in question, had effect to give said districts, from inception, the legal status of "defined districts" created by the legislature as bodies corporate; and all bonds and tax levies, which met the requirements of the pre-existing statutes, became valid. Anderson County Road District v. Pollard, 116 Texas, 547.

All the bonds involved in this suit were validated by the Act in question; and those holders who acquired them before the passage of the Act can no longer be deprived of the character of holders in due course, by the mere fact that the bonds, because of lack of power in the district to issue them, were invalid when acquired.

What has been said furnishes answer to the certified question set out, and we recommend that it be so answered.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.