TWING et al. v. WILLIAMS et al.
(No. 1728.)

Court of Civil Appeals of Texas. Beaumont.
Jan. 23, 1930.

Rehearing Denied Feb. 12, 1930.

Lightfoot, Robertson & Scurlock, of Fort Worth, and W. M. Harris, of Dallas, for appellants.

Oliver J. Todd, of Beaumont, and J. M. Sanders, of Center, for appellees.

O'QUINN, J. This is a companion case with No. 1729, E. L. Twing et al. v. William H. Rhodes et al., 24 S.W.(2d) 728, this day decided by us, affirming the judgment of the lower court invalidating the bonds sued upon. The bonds involved in this case are a part of the series of $350,000 voted by road district No. 4 of Shelby county involved in the Rhodes Case. The issues made by the pleadings and the facts in both cases being the same, it follows that the judgment of the trial court must be reformed and affirmed as it was in the Rhodes Case. For our opinion sustaining this conclusion we hereby refer to and adopt our opinion in the Rhodes Case. If these appellants desire this opinion to be extended, we shall be glad to do so upon their motion suggesting the conclusions of fact and law they would have us make.

Affirmed.

On Appellants' Motion for Additional Conclusions of Fact and Law.

In our memorandum opinion filed herein on the 23d day of this month, we inadvertently stated that the bonds in issue in this case were a part of an issue of $350,000 by road district No. 4, Shelby county, Tex., involved in cause No. 1729, E. L. Twing et al., appellants' v. William H. Rhodes et al., appellees (Tex. Civ. App.) 24 S.W.(2d) 728. The bonds involved in this suit were issued by road district No. 7, Shelby county.

Appellees, as residents and taxpayers in what is known as road district No. 7 of Shelby county sue various holders of bonds purporting to have been issued by said road district in the year 1920 in pursuance of the provisions of article 627 and succeeding articles of the Revised Civil Statutes of 1911. The members of the commissioners' court of said county and the tax collector and tax assessor of the county are also made parties defendant. The plaintiffs seek to have all said bonds canceled and declared void, and to enjoin the levy, assessment, and collection of taxes for the payment of said bonds. It is claimed that all the bonds are void for lack of power in the district to issue them, in that said district had no such legal existence, at the time the bonds were issued, as to give it legal authority to issue the bonds and levy the taxes to pay same. The district was formed in the year 1919 in pursuance of the provisions of the statutes above mentioned; and an election was held to determine whether or not said bonds should be issued and sufficient taxes levied to pay same. At the election more than two-thirds of the voters therein voted in favor of the issuance of the bonds and the levy of the tax. All the proceedings relating to the establishment of the district, the election, the issuance of the bonds and the tax levy, conformed to the statutes mentioned above. The road district was composed of a portion of said county, and had not been created or defined by the Legislature for any purpose. None of the plaintiffs signed the petition for the election, and none was given an opportunity to be heard respecting the inclusion of his land within the boundaries of the district. In 1920, after the commissioners' court had passed an order directing the issuance of the bonds, the bonds were duly prepared and signed; and, under order of said court, were delivered to one E. L. Twing. who paid nothing for them. They were subsequently sold by Twing to the various holders, who are parties defendant herein. No part of the proceeds of the sales has ever been received by the county treasurer for the credit of the road district. All such proceeds were appropriated by Twing to his own use. The various holders who are parties defendant herein claim to be holders in due course. The present owners of these bonds bought them in the open bond market of the city of Chicago, state of Illinois, before their maturity and in due course of trade and paid a valuable consideration for them. The bonds were bought through reputable banks and reputable bond brokers in regular course of business. The price paid, though less than the par value of the bonds, represented their reasonable market value on the bond market of Chicago at the time they were bought. The holders of the bonds, as they were named in appellants' petition, knew nothing whatever about E. L. Twing of E. L. Twing & Co., except possibly one or more of them had met Twing in an incidental way, but had had no business relations whatever with him. They knew nothing about the financial condition of Twing or Twing & Co., or their reputed reputation in San Antonio, or elsewhere, as to their financial condition or reputation for fair dealing in bond transactions or otherwise. At the time they bought and paid for these bonds they had the opinion of Wood & Oakley, reputable bond attorneys of Chicago, that the bonds were valid, and they had the certificate of the Attorney General of Texas that the bonds were valid. And they had no notice or knowledge of any kind that there was any illegality or infirmity in the bonds or in road district No. 7. In concluding that appellants had no notice or knowledge of the illegality of these bonds, or of the illegality in the formation of the road district, we mean only they had no actual notice of such illegality, but in this conclusion it is not our purpose to relieve the purchasers of such knowledge as the law itself visited upon them. Appellants had no actual knowledge of the orders made by the commissioners' court delivering the possession of these

bonds to Twing, nor did they have any actual knowledge of the contract under which Twing secured possession of these bonds, nor did they have any actual knowledge of the fact that Twing had not paid for the bonds, and that none of the proceeds of the bonds were paid to the treasurer of Shelby county for the use and benefit of road district No. 7.

Upon the facts and issues thus stated, the trial court annulled and declared void all bonds involved in this litigation, and in general granted appellants all the relief prayed for. The trial court further concluded that appellants were not holders in due course.

To adjust the financial and moral issues raised by Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, the Governor of Texas called into special session the Thirty-Ninth Legislature, which passed a general act (chapter 17 of the Acts of the First Called Session) with the declared purpose of validating the road districts, fixing their boundaries, and of validating the bonds issued by them. The Fortieth Legislature, at its regular session, by House Bill No. 636, created and established road district No. 7 (Gen. & Sp. Laws, 40th Leg., c. 199) with the same boundaries as the old district, and all proceedings had under the old law in creating the old district were validated, and certain bonds issued by the old district were validated by direct reference to their numbers. By section 5 of said act, it was further provided: "That with the exception of the above described bonds [referring to the bonds that had been validated by reference to their numbers], no other bonds are recognized as binding, legal or moral obligations against said District, and nothing herein shall be effective to validate or ratify any other bonds than those specially mentioned herein."

This case involves the same issues and the same facts, except as to the number of the road district and the number and amount of the bonds involved, as were involved in Twing v. Rhodes, referred to above. As we understand appellants' brief herein, the same assignments and legal propositions are advanced against the judgment of the trial court invalidating these bonds as in Twing v. Rhodes. When these cases were originally submitted by us we certified the facts and law involved in Twing v. Rhodes to the Supreme Court and the answer to our certificate is reported in Twing v. Rhodes, 16 S.W.(2d) 258, 259. By its answer to our certificate the Commission of Appeals concluded that all bonds involved in Twing v. Rhodes were validated by sections 1 and 2 of chapter 17 of the Acts of the First Called Session of the Thirty-Ninth Legislature, and the Commission of Appeals further concluded that the holders of the bonds involved in that suit "who acquired them before the passage of the act can no longer be deprived of the character of holders in due

course by the mere fact that the bonds, because of lack of power in the district to issue them, were invalid when acquired." This answer was certified by the Supreme Court to us as the answer to our certificate, with its judgment that we give due effect and force to the answer of the Commission of Appeals. Upon the facts stated herein, which are in substance the same as in Twing v. Rhodes, we make the following conclusions of law:

First. All bonds involved in this suit were made invalid by the Supreme Court of the United States in Browning v. Hooper, and they now have no validity, except by virtue of the validating acts cited supra.

Second. The bonds involved in this suit were validated by sections 1 and 2 of chapter 17 of the Acts of the First Called Session of the Thirty-Ninth Legislature.

■ Third. The mere fact that the bonds were invalid at the time appellants purchased them does not deprive appellants of the character of holders in due course.

■ Fourth. The trial court's conclusions that the facts under which appellants bought the bonds were sufficient to give them notice or to visit them with notice of the circumstances under which Twing acquired possession of them are without support. All the evidence offered by appellees on their contention that appellants were not holders in due course, except in so far as that issue was raised by the validating legislation, was inadmissible, but, having been received, was insufficient to sustain the trial court's conclusions that appellants were bad faith purchasers.

■ Fifth. It was the intent of the Legislature in passing the general act above referred to and the special act of the Fortieth Legislature, House Bill No. 636, to impose upon the holders of road district bonds the burden of alleging and proving that the district issuing the bonds was created in strict compliance with pre-existing laws, and that the bonds themselves were issued in strict accordance with pre-existing laws, and, further, that the proceeds of the bonds were paid to the treasurer of the county for the use and benefit of the road district issuing them. It follows that, where the holders of the bonds fail to sustain these issues, they are not holders in due course, and in fact do not own the bonds.

■ Sixth. Appellees, as taxpayers of road district No. 7, had the right to maintain this suit and to be granted the relief prayed for in so far as they were entitled to that relief under this opinion.

Seventh. Since, under our construction of the validating acts, appellants have no right, title, claim, or interest in the bonds, and in their hands they do not constitute valid legal or moral obligations against road district No.

7, it follows that the judgment of the trial court must be affirmed in so far as it enjoins the commissioners' court of Shelby county from levying taxes for payment of said bonds and the tax collector from collecting taxes for their payment and the county treasurer from receiving into the county treasury any money for their payment and all such officers and their successors in office from doing anything towards paying them to appellants, or any one holding under them. But since, under the mandate of the Supreme Court in Twing v. Rhodes, all bonds sued upon herein are valid, and the mere fact of their invalidity at the time of their sale does not deprive appellants of the character of holders in due course, it follows that all conclusions of fact and law made by the trial court in this case in conflict with the mandate in Twing v. Rhodes are hereby set aside and held for naught, and wherein the judgment of the trial court conflicts with that mandate, as it was construed by us in our opinion in Twing v. Rhodes, it must be, and is hereby, reversed, and judgment to this extent rendered for appellants.

Eighth. In further support of this opinion reference is hereby made to our opinion in Twing v. Rhodes, wherein we have set out the reasons for the legal conclusions herein stated.

WALKER, J., not sitting.